FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Erik R. Puknys (190926)
  *erik.puknys@finnegan.com*
Stanford Research Park
3300 Hillview Avenue, 2nd Floor
Palo Alto, CA 94304-1203
Telephone: 650-849-6600

*Attorney for Gardenbelle Shop LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDENBELLE SHOP LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHEIN US SERVICES, LLC; SHEIN DISTRIBUTION CORPORATION; ROADGET BUSINESS PTE., LTD.; and DOES 1-10,<br><br>　　　　Defendants. | Case No.  2:25-cv-10041<br><br>**COMPLAINT FOR:**<br><br>**COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Gardenbelle Shop LLC ("Gardenbelle"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.     This is a civil action for copyright infringement under 17 U.S.C. § 101 *et seq.*, and trademark infringement and unfair competition under 15 U.S.C. 1051 *et seq.*, Section 17200 *et seq.* of the Cal. Bus. & Prof. Code, and California common law.

2.     Gardenbelle brings this action seeking injunctive relief, lost profits, actual damages, and attorneys' fees and costs arising out of Defendants' willful infringement of Gardenbelle's exclusive rights in and to its copyrighted textile designs and common-law trademark GARDENBELLE.

## PLAINTIFF

3.     Plaintiff Gardenbelle Shop LLC is a limited liability company of the state of Maryland with a principal address at 10 Public Square, Hagerstown, Maryland 21740, United States.

## DEFENDANTS

4.     Defendant SHEIN US Services, LLC ("SHEIN US Services") is a Delaware limited liability company with business addresses at 777 S. Alameda St., *2nd Floor*, Los Angeles, CA 90021 and 777 S. Alameda Street, *Floor 4*, Los Angeles, CA 90021.

5.     Defendant SHEIN Distribution Corporation ("SHEIN") is a Delaware corporation with a principal place of business at 777 S Alameda Street, Ste 400, Los Angeles, CA 90021.

6.     Defendant Roadget Business Pte. Ltd. ("Roadget") is a company of Singapore with an address at 12 Marina Boulevard, #15-01, Marina Bay Financial Centre, Singapore 018982.

7.     Upon information and belief, Gardenbelle alleges that Defendants Does 1- 10 (the "Does") are unknown persons, firms, entities, or corporations that, directly or indirectly, jointly or severally, willfully undertook, performed, participated in, or engaged in various illegal, unauthorized, and wrongful actions as set forth herein on behalf of or in conspiracy with SHEIN, SHEIN US Services, and/or Roadget, against Gardenbelle and/or the public, should be enjoined

1    from engaging in such actions, and are liable to Gardenbelle for damages. The Does' true

2    identities, locations, and residences are currently unknown to Gardenbelle because, in perpetrating

3    their illegal, unauthorized, and wrongful acts, the Does have intentionally hidden their identities to

4    evade detection.

5    **JURISDICTION AND VENUE**

6    8.    This is a civil action for copyright infringement under 17 U.S.C. § 101 *et seq.*, and

7    trademark infringement and unfair competition under 15 U.S.C. 1051 *et seq.*, Section 17200 *et*

8    *seq.* of the Cal. Bus. & Prof. Code, and California common law.

9    9.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and

10    supplemental jurisdiction over Gardenbelle's state-law claims under 28 U.S.C. § 1367 because

11    those claims are substantially related to Gardenbelle's federal copyright infringement claim and

12    federal trademark infringement and unfair competition claim.

13    10.    This Court has personal jurisdiction over Defendants SHEIN US Services and Does

14    because Defendant SHEIN US Services has places of business in this District (777 S. Alameda St.,

15    *2nd Floor*, Los Angeles, CA 90021 and 777 S. Alameda Street, *Floor 4*, Los Angeles, CA 90021),

16    and Defendant SHEIN US Services operates a website and mobile applications to purposefully

17    solicit business from the U.S., including within this District, and offers and sells a substantial

18    amount of products under the trademark SHEIN, including the infringing products complained of,

19    to the U.S.

20    11.    This Court has personal jurisdiction over Defendants SHEIN and Does because

21    Defendant SHEIN has a principal places of business in this District (777 S Alameda St, Ste 400,

22    Los Angeles, CA 90021), and Defendants SHEIN and Does conduct continuous and systematic

23    business in California, including by maintaining places of business to sell and transport the

24    infringing products complained of in and to this District, and transporting a substantial amount of

25    products under the trademark SHEIN, including the infringing products complained of, to the

26    U.S., including in and through this District. The effect of SHEIN's and Does' actions arises in

27    multiple districts, including the ports of Los Angeles and Long Beach in this District, and a

28    substantial portion of the events giving rise to the claims herein occurred within this District.

12.    This Court has personal jurisdiction over Defendant Roadget because Defendant Roadget imports or transports products, including the infringing products complained of, to the U.S., including in and through this District, for Defendants SHEIN and SHEIN US Services.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(a), including because the acts of infringement complained of occurred in this District; Defendants are domiciled in this District; Defendants' officers and agents can be found in this District; Defendants' unlawful actions were directed from or through computers in this District; and Gardenbelle has been harmed by Defendants' conduct in this District.

## GARDENBELLE, ITS TEXTILE DESIGNS, AND TRADEMARK

14.    Gardenbelle was born in 2020 when its founders Lauren and Joe Gardenbelle resigned from their respective jobs to begin living out of their school bus conversion and selling vintage and thrifted clothing, sourced on the road from all over the country.

15.    About five months into their travels, and after extensive research on sustainable and ethical clothing production, Lauren and Joe Gardenbelle launched their first collection of textile creations—the foundation of what became "Gardenbelle Shop."

16.    In just under five years, Gardenbelle went from being an Instagram store with fewer than 75 followers, to a beloved "slow fashion" clothing shop in the local community of Hagerstown, Maryland, with a popularity and reach that is growing every day.

17.    Gardenbelle has created and sold several original textile designs, which constitute copyrightable subject matter under 17 U.S.C. § 101 *et seq.*

18.    Among Gardenbelle's popular textile designs are "FLOWER CHILD," "DESERT SOLSTICE," and "HONEY BEE" (collectively, the "Asserted Designs").

19.    Gardenbelle owns valid and subsisting U.S. Copyright Office Registrations for the Asserted Designs, namely Nos. VA0002457975, VA0002456508, and VA0002457908.  True and correct copies of Gardenbelle's certificates of registration for the Asserted Designs are attached as Exhibit A.

20.    Gardenbelle's Asserted Designs are shown in the chart below:

| Title of Work and Copyright Reg. No. | Protected Design | Dates of Creation and Publication |
|---|---|---|
| "FLOWER CHILD" VA0002457975 |  | Created: 2022<br><br>Published: 04-27-2022 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"HONEY BEE"
VA0002457908



Created: 2022

Published:
04-27-2022

| | | |
|---|---|---|
| "DESERT SOLSTICE" VA0002456508 | <br /> | Created: 2023<br /><br />Published: 04-18-2022 |

21. Additionally, Gardenbelle owns the trademark GARDENBELLE, which it has continuously used in U.S. commerce since October 2020 in connection with accessories, home décor items, and a wide range of apparel, including dresses, skirts, tops, t-shirts, smocks, sarongs,

overalls, jumpsuits, pants, and more.

22.     Gardenbelle has experienced significant growth since its launch in 2020, from a mere $30,000 in approximate sales for the last few months of 2020, to more than $2.3 million in 2025 so far. All these sales were made in connection with the GARDENBELLE mark.

23.     In merely five years, Gardenbelle has earned a loyal following and developed a strong reputation as a business committed to plant-based, organic, ethically made, and responsibly dyed clothing—a brand people can trust, and a far cry from the unethical labor practices, staggering waste, and environmental harms that characterize the "fast fashion" industry.

24.     Gardenbelle's GARDENBELLE mark has been extensively promoted on its website (https://www.gardenbelleshop.com/), and social media accounts, including Instagram (https://www.instagram.com/gardenbelleshop/?hl=en), TikTok (https://www.tiktok.com/@GARDENBELLESHOP) and YouTube (https://www.youtube.com/c/laurengardenbelle).



https://www.gardenbelleshop.com/category/all-products



(https://www.tiktok.com/@GARDENBELLESHOP)

(https://www.instagram.com/gardenbelleshop/?hl=en)

1

## DEFENDANTS' WRONGFUL ACTS

2   25.   Gardenbelle recently discovered that Defendants have reproduced, distributed,

3   created derivative works of, publicly displayed, and otherwise infringed Gardenbelle's Asserted

4   Designs, and offered for sale and sold products incorporating Gardenbelle's Asserted Designs to

5   third parties.

6   26.   Specifically, Defendants have offered for sale and sold apparel products

7   incorporating textile designs that blatantly copy Gardenbelle's Asserted Designs.

8   27.   The infringing products accused in this action (the "Infringing Products") that were

9   made available by all Defendants are virtually identical to, or at least substantially similar to,

10   Gardenbelle's Asserted Designs, as shown in the chart below:

| Gardenbelle's Asserted Designs | Infringing Products |
|---|---|
| "FLOWER CHILD"<br> |  |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Gardenbelle's Asserted Designs | Infringing Products |
|---|---|
|  | |
| "HONEY BEE"<br> |  |

COMPLAINT



| Gardenbelle's Asserted Designs | Infringing Products |
|---|---|
| "DESERT SOLSTICE"  |   |

| Gardenbelle's Asserted Designs | Infringing Products |
|---|---|



True and accurate photos of the pirated products received are attached as Exhibit B.

28.    Since at least as early as June 2025, the Infringing Products were being offered for sale from www.us.shein.com.

29.    In or around August 2025, Gardenbelle's investigators placed orders for the Infringing Products from www.us.shein.com (collectively, the "Infringing Activities"). Each of these products consisted of or featured identical or nearly identical copies of Gardenbelle's Asserted Designs. None of the clothing items were genuine Gardenbelle products.

30.    Gardenbelle's test purchases from www.us.shein.com of the Infringing Products were marketed, offered for sale, and sold by Defendant SHEIN US Services; on a website for which Defendant Roadget is the domain name registrant; imported by Defendant Roadget for Defendant SHEIN; and ultimately were packaged and shipped to the purchaser by Defendant SHEIN.

31.     All of Defendants' copyright infringement has at all times been knowing, intentional and willful.

32.     In addition, Defendants have offered for sale and sold infringing products under the mark SUNNYBELLE, which is highly reminiscent of GARDENBELLE and thus likely to cause consumers to believe that Defendants' Infringing Products are made by Gardenbelle or, at the very least, are associated with, or licensed or approved by Gardenbelle, when they are not.

33.     As shown in the Instagram post below, purchasers of the Infringing Products are likely to falsely believe that Gardenbelle's Asserted Designs originated with Defendants:



https://www.instagram.com/reel/DK24oX0Oyhg/

## DEFENDANTS' INFRINGEMENT SCHEME

34.     Defendants SHEIN US Services, SHEIN, Roadget, and Does are actively engaged in a continuous, knowing, willful, and pervasive scheme of infringement of Gardenbelle's Asserted Designs, and its GARDENBELLE trademark (the "Infringement Scheme").

35.     Defendant Roadget owns registrations for SHEIN trademarks with the United States Patent and Trademark Office for the other Defendants to use.

36.     Defendant Roadget is the registrant for the domain name shein.com. **Exhibit C**.

37.     On information and belief, under a license from Defendant Roadget, Defendant SHEIN US Services operates the website at www.us.shein.com, from which Gardenbelle test purchased the Infringing Products. **Exhibit D**.

38.     Defendant SHEIN participated in the Infringement Scheme as a seller of the Infringing Products.

39.     Defendant Roadget routinely imported the Infringing Products to the US and this District for Defendant SHEIN.

40.     Defendant SHEIN also participated in the Infringement Scheme as a distributor of the Infringing Products.

41.     Upon information and belief, all of the Defendants are part of the same ongoing Infringement Scheme as evidenced by the fact that they share offices, facilities, and officers who actively participate in or exercise control over the Infringing Activities.

42.     All Defendants had, and continue to have, access to Gardenbelle's textile designs because, among other things, images of the Asserted Designs are available on Gardenbelle's website and social media accounts.

## DEFENDANT SHEIN US Services

43.     Defendant SHEIN US Services participated in the Infringement Scheme as the website operator that enabled the sale of infringing products featuring Gardenbelle's Asserted Designs.

44.     Specifically, Defendant SHEIN US Services "provides" the website at www.us.shein.com and the "related SHEIN mobile application available to US residents," which

offer "an online marketplace that enables users in the United States to purchase products from . . . SHEIN Distribution Corporation," i.e., Defendant SHEIN. These products include the Infringing Products that were test purchased by Gardenbelle's investigators. A true and correct copy of the SHEIN US Services U.S. Terms and Conditions is attached as **Exhibit D**.

45.    Defendant SHEIN US Services uses the website at www.us.shein.com, and mobile applications on Google Play and App Store to advertise, promote, and sell apparel, accessories, pet products, stationery, electronics, and home decorations. True and correct copies of SHEIN's websites are attached as **Exhibit E**.

46.    Test purchases made as part of Gardenbelle's investigations generated sales invoices identifying Defendant SHEIN US Services:



47.    The invoices for Gardenbelle's test purchase confirmations identify the seller as "Xiyin Shop," with an address at 777 S. Alameda St, Floor 4, Los Angeles, CA 90021," the identical address identified on the same invoices for Defendant SHEIN US Services.

48.    A search on the California Secretary of State website identifies George Chiao as the "Manager or Member Name" of Defendant SHEIN US Services, as demonstrated by the Statement of Information, a true and correct copy of which is attached as **Exhibit F**. As noted below, George Chiao has also been identified as Chief Executive Officer of Defendant SHEIN. **Exhibit G**.

**DEFENDANT SHEIN**

49.    Defendant SHEIN participated in the Infringement Scheme as the seller and importer of the Infringing Products featuring Gardenbelle's Asserted Designs.

50.    Defendant SHEIN sells products at the website at www.us.shein.com and the "related SHEIN mobile application available to US residents," through "an online marketplace that enables users in the United States to purchase products from . . . [Defendant] SHEIN." **Exhibit D**.

51.    Defendant SHEIN has offered one of the Infringing Products for sale under the mark SUNNYBELLE:



(https://us.shein.com/us/Ceyna-Plus-Size-Women-s-**SunnyBelle**-Plus-Size-Women-s-Printed-Tie-Front-Frilly-Flared-Sleeve-T-Shirt-Spring-Summer-Vacation-Style-p-74404377.html?imgRatio=34&mallCode=1&cdn_rsite=cf&ref=www&rep=dir&ret=us)

52.    Gardenbelle's investigations revealed that Defendant SHEIN sold products that incorporated Gardenbelle's Asserted Designs off the us.shein.com website.  True and correct copies of Gardenbelle's test purchase confirmations are attached as **Exhibit H**.

53.     Defendant SHEIN is well-known for its excessive use of transparent plastic bag packaging. Notably, "[e]ach order from Shein arrives in a clear plastic bag with "SHEIN" written down the side and a zipper across the top." **Exhibit I**.

54.     Examples of these bags from test purchases of the Infringing Products made as part of Gardenbelle's investigations are shown below:

  

55.     Each of the Infringing Products purchased by Gardenbelle's investigators bears the SHEIN trademark.

  

56.     A true and correct copies of Customs database details through the ports of Los Angeles and Long Beach, California and a graphic chart outlining the relationships between Defendants Roadget, and SHEIN from ImportGenius are attached as **Exhibit J** and **Exhibit N**. Notably, Exhibit J shows that Defendant SHEIN participated in the shipment of a variety of garments that, upon information and belief, included the Infringing Products.

57.     Further, Exhibit J shows that Defendant SHEIN consigned numerous shipments of garments that were shipped by Defendant Roadget. Upon information and belief, these shipments included the Infringing Products.

58.     The return address on the test purchases of the Infringing Products made as part of Gardenbelle's investigations and delivered to Gardenbelle's investigators was 1375 E. Locust St.,

Ontario, CA 91761, an identical address used by Defendant SHEIN as identified in ImportGenius:

 

59. A true and correct copy of the shipping labels used on products purchased by Gardenbelle's investigators is attached as **Exhibit K**.

60. A search on the California Secretary of State website confirms that George Chiao is the "Chief Executive Officer" of Defendant SHEIN, as demonstrated by the Statement of Information, a true and correct copy of which is attached as **Exhibit G**.

61. George Chiao signed SHEIN's Statement and Designation by Foreign Corporation filed with the State of California on May 25, 2021. In this filing, George Chiao represented that he is "a corporate officer and [is]authorized to sign on behalf of the foreign corporation" SHEIN, a true and correct copy of which is attached as **Exhibit L**.

### DEFENDANT ROADGET

62. Defendant Roadget participated in the Infringement Scheme by shipping the Infringing Products that incorporated Gardenbelle's Asserted Designs.

63. Defendant Roadget is the domain name registrant for shein.com.

64. Defendant Roadget owns trademark applications and registrations for the mark SHEIN in connection with clothing, textiles, accessories, jewelry, bags, and online retail services with the United States Patent and Trademark Office, namely Registration Nos. 5256688, 5880290,

5840545, 5893348, 5893349, 5893350, 5909109, 6166048, 6166049, 6181709, 6224013, 6224084, and Application Serial Nos. 87857183, 87857188, 88107563, 88107571.

65. Defendant Roadget licensed use of its registered trademarks to Defendant SHEIN US Services for use in the operation of the SHEIN-branded mobile applications, as well as the website www.us.shein.com, from which Gardenbelle test purchased the Infringing Products.

66. Defendant Roadget licensed use of its registered trademarks to Defendant SHEIN for use in the sale of apparel, including the Infringing Products.

67. Defendant Roadget is listed as the developer of the mobile application "SHEIN-Fashion Shopping Online" on Google Play at https://play.google.com/store/apps/details?id=com.zzkko&hl=en  and the developer of the mobile application "SHEIN - Shopping Online" on the Apple App Store at https://itunes.apple.com/us/app/yub-streetwear-fashion-shopping/id878577184?mt=8. **Exhibit M**.

68. Defendant Roadget shipped the Infringing Products from China to Gardenbelle's investigators.  Thevisse products were forwarded through a warehouse or storage facility in this District that is rented or owned by Defendant SHEIN.

69. Upon information and belief, Roadget routinely ships products, including the Infringing Products to the US, including through ports located in this District.  Between May 2022 and January 2025 alone, Defendant Roadget shipped approximately 498 shipments of garments and accessories, including the Infringing Products, from China to Defendant SHEIN in Los Angeles, California through the ports of Los Angeles and Long Beach in this District. A true and correct copy of these importation and shipment details is attached as **Exhibit J**.

70. Upon information and belief, SHEIN has a complex, opaque, and globally distributed corporate structure that is headquartered in Singapore, with its top-level holding company incorporated in the Cayman Islands, and significant operations and a large portion of its supply chain based in China.  This complex structure makes it difficult for outsiders to fully comprehend the interconnections and ultimate control, particularly concerning the roles of founders and subsidiaries.

71. Upon information and belief, there are other related companies and individuals that

are part of the Infringement Scheme that may have participated in the selection of the Asserted Designs for copying, designed the Infringing Products, obtained the materials, or otherwise assisted in the manufacturing process of the Infringing Products.

### **INJURY TO GARDENBELLE**

72.     Defendants' willful and pervasive infringement of Gardenbelle's Asserted Designs has caused Gardenbelle to lose sales because Defendants' Infringing Products directly compete with Gardenbelle's products that incorporate the Asserted Designs.

73.     Defendants' infringement of Gardenbelle's textile designs has damaged and irreparably injured Gardenbelle and, if permitted to continue, will further damage and irreparably injure Gardenbelle.

74.     Furthermore, upon information and belief, through their willful misappropriation of Gardenbelle's GARDENBELLE mark—by using SUNNYBELLE in connection with nearly identical apparel goods—Defendants  obtained a substantial unfair competitive advantage by forgoing the effort required to develop their own brand identity and instead freeriding on Gardenbelle's significant investments of time and expense, which have contributed to the renown of its beloved and commercially successful apparel business.

75.     Gardenbelle has also been irreparably harmed by Defendants' willful usurpation of Gardenbelle's goodwill because Gardenbelle lacks control over the nature and quality of Defendants' copycat branding and the products Defendants provide. There is no adequate remedy at law to redress this harm.

76.     The harm to Gardenbelle is all the more acute because Gardenbelle has worked tirelessly to set itself apart and earn a reputation as an ethical "slow fashion" brand whereas Defendants are widely known to be one of the most polluting, wasteful, and unethical brands in the world fashion industry. Attached as **Exhibit O** is a true and correct copy of an article published by Yale Climate Connections, titled "Shein is officially the biggest polluter in fast fashion."

77.     In other words, Defendants have not only misled the consuming public by creating a false association between their products and Gardenbelle, but adding insult to injury, the

association Defendants created is antithetical to Gardenbelle's core values and brand identity.

78.    Upon information and belief, Defendants have acted knowingly, willfully, in reckless disregard of Gardenbelle's rights, and in bad faith.

### FIRST CLAIM FOR RELIEF

### Copyright Infringement Under the Copyright Act

### U.S.C. § 101 *et seq.*

79.    Gardenbelle repeats and re-alleges each and every allegation set forth above.

80.    At all relevant times, Gardenbelle has been the holder of the exclusive rights in its Asserted Designs, which are subject to copyright protection in the United States, as evidenced by its certificates of registration in **Exhibit A**.

81.    At all relevant times, Defendants had access to Gardenbelle's Asserted Designs.

82.    Defendants, without authorization, reproduced, distributed, displayed, created derivative works of, and otherwise infringed Gardenbelle's Asserted Designs as described herein in willful violation of Gardenbelle's rights under the title 17 of the United States Code.

83.    Defendants' actions constitute copyright infringement in violation of 17 U.S.C. §§ 501(a).

84.    At all relevant times, Gardenbelle's actions have been willful and undertaken with full knowledge of, and/or reckless disregard for, Gardenbelle's rights.

85.    Gardenbelle has suffered actual monetary damages and incurred significant costs as a direct and proximate result of Defendants' direct and willful infringement of Gardenbelle's copyrights.

### SECOND CLAIM FOR RELIEF

### Trademark Infringement Under

### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

86.    Gardenbelle repeats and re-alleges each and every allegation set forth above.

87.    Gardenbelle owns common-law trademark rights in the mark GARDENBELLE which it has continuously used in U.S. commerce since 2020, in connection with a wide range of apparel goods.

88.     Defendants' use of the mark SUNNYBELLE in connection with identical apparel goods offered by Gardenbelle—using designs that are identical or at least substantially similar to Gardenbelle's copyrighted textile designs—is likely to cause confusion (including initial-interest, point-of-purchase, and/or post-sale confusion), or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, and/or Defendants' goods by or with Gardenbelle.

89.     Defendants' conduct constitutes trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### THIRD CLAIM FOR RELIEF

### Violation of California's Unfair Competition Law,

### Section 17200 *et seq.* of the Cal. Bus. & Prof. Code

90.     Gardenbelle repeats and re-alleges each and every allegation set forth above.

91.     Gardenbelle owns common-law trademark rights in the mark GARDENBELLE which it has continuously used in U.S. commerce since 2020, in connection with a wide range of apparel goods.

92.     Defendants' use of the mark SUNNYBELLE in connection with identical apparel goods offered by Gardenbelle—using designs that are identical or at least substantially similar to Gardenbelle's copyrighted textile designs—is likely to cause confusion (including initial-interest, point-of-purchase, and/or post-sale confusion), or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, and/or Defendants' goods by or with Gardenbelle.

93.     By using the mark SUNNYBELLE, which infringes Gardenbelle's GARDENBELLE trademark, Defendants have engaged in unfair methods of competition, including unlawful, unfair, and/or fraudulent acts or practices in the conduct of trade and commerce, in violation of Section 17200 *et seq.* of the Cal. Bus. & Prof. Code.

### FOURTH CLAIM FOR RELIEF

### Common-Law Trademark Infringement and Unfair Competition

94.     Gardenbelle repeats and re-alleges each and every allegation set forth above.

95.    Gardenbelle owns common-law trademark rights in the mark GARDENBELLE which it has continuously used in U.S. commerce since 2020, in connection with a wide range of apparel goods.

96.    Defendants' use of the mark SUNNYBELLE in connection with identical apparel goods offered by Gardenbelle—using designs that are identical or at least substantially similar to Gardenbelle's copyrighted textile designs—is likely to cause confusion (including initial-interest, point-of-purchase, and/or post-sale confusion), or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendants, and/or Defendants' goods by or with Gardenbelle.

97.    Defendants' use of the mark SUNNYBELLE above constitutes common-law trademark infringement and misappropriation of the goodwill associated with Gardenbelle's GARDENBELLE trademark and thus constitutes unfair competition in violation of California common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Gardenbelle requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.    A judgment declaring that Defendants' unauthorized reproduction, distribution, public display, and/or creation of derivative works of Gardenbelle's Asserted Designs constitutes copyright infringement, as detailed above.

B.    A judgment that Defendants' use of the mark SUNNYBELLE constitutes trademark infringement and unfair competition under federal and state law, specifically, 15 U.S.C. § 1125(a), Section 17200 *et seq.* of the Cal. Bus & Prof. Code, and California common law.

C.    An award of actual damages and Defendants' profits attributable to Defendants' copyright infringement to Gardenbelle under 17 U.S.C. § 504(b), an award of actual damages to Gardenbelle under 15 U.S.C. § 1117 (and trebling such damages in accordance with 15 U.S.C. § 1117, and other applicable laws), Defendants' profits from trademark infringement (and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws), and prejudgment and post-judgment interest, in an amount to be determined at trial.

D.      An award to Gardenbelle of attorneys' fees and costs under 15 U.S.C. § 1117.

E.      An Order requiring Defendants to pay Gardenbelle punitive damages in an amount to be determined due to the foregoing willful acts of Defendants.

F.      An injunction enjoining Defendants and their subsidiaries, affiliates, related companies, their officers, agents, employees, and all persons acting in concert with them from any and all sale, reproduction, distribution, display, or creation of derivative works substantially similar to any Gardenbelle textile design.

G.      An injunction enjoining Defendants and any of their subsidiaries, affiliates, related companies, their officers, agents, employees, and all persons acting in concert with them from further acts of infringement of Gardenbelle's GARDENBELLE trademark including:

      a.   Using the mark SUNNYBELLE or any other mark confusingly similar to GARDENBELLE;

      b.   Representing by any means whatsoever, directly or indirectly, that Defendants or any of their products or activities are associated, connected, or affiliated with Gardenbelle, and/or sponsored, authorized, or licensed by Gardenbelle;

      c.   Effecting assignments or transfers, forming new entities or associations, or utilizing any other tactic for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

      d.   Aiding, abetting, contributing to, or otherwise assisting anyone in engaging or performing any of the activities referred to in subparagraphs G(a)-(c).

H.      Pursuant to 17 U.S.C. § 503, an order for the impoundment and destruction of all infringing products and materials, including but not limited to accessories, fabrics, textile products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody, or control bearing any design or pattern identical or substantially similar to Gardenbelle's Asserted Designs.

I.      A judgment that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession, custody or control that rightfully belong to Gardenbelle.

J.      A judgment directing Defendants to, within thirty (30) days after the entry of the

injunctions, file with this Court and serve on Gardenbelle's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunctions.

K.      Any further relief, as permitted by law and as the Court may deem just and appropriate.

DATED: October 20, 2025

By:   */s/ Erik R. Puknys*
Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

*Attorney for Gardenbelle Shop LLC*

COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Gardenbelle Shop LLC hereby demands a trial by jury of all issues so triable.

DATED: October 20, 2025

By:    */s/ Erik R. Puknys*
Erik R. Puknys
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP

*Attorney for Gardenbelle Shop LLC*